**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>ARKHAM REALTY AND PROPERTY MANAGEMENT LIMITED LIABILITY COMPANY,<br><br>        Debtor.<br><br>———————————————<br><br>ARKHAM REALTY AND PROPERTY MANAGEMENT LIMITED LIABILITY COMPANY,<br><br>Movant,<br><br>        v.<br><br>PNC BANK,<br><br>Respondent. | Case Number: 26-20610 CMB<br><br>Chapter 11<br><br>ECF. No.<br>Related to ECF. Nos.: 13-14<br><br>Hearing Date & Time:<br>March 11, 2026 at 2:30 p.m.<br><br>Response Deadline:<br>March 11, 2026 at 8 a.m. |

**OBJECTION AND RESERVATION OF RIGHTS OF THE UNITED STATES TRUSTEE
TO EMERGENCY MOTION FOR ORDER UNDER 11 U.S.C. §§ 363, 1107 AND 1108
AUTHORIZING THE CONTINUED USE AND MAINTENANCE
OF EXISTING BANK ACCOUNTS (ECF NO. 13)**

Andrew R. Vara, United States Trustee for Regions 3 and 9 (the "United States Trustee"),

through his undersigned counsel, files the within Objection and Reservation of Rights (the

"Objection") to Debtor's Emergency Motion for Order Under 11 U.S.C. §§ 363, 1107 and 1108

Authorizing the Continued Use and Maintenance of Existing Bank Accounts (the "Motion") [ECF

No. 13] and states as follows:

## I.        JURSIDICTION AND VENUE

1.        This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334, 151 and

157.

2.        Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

1

3.      The United States Trustee files the following Objection pursuant to 28 U.S.C. § 586(a)(3), 11 U.S.C. §§ 327-331, 363 and Fed. R. Bankr. P. 2014(a) / 2016(b).

4.      The United States Trustee has standing to appear and be heard on this issue pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586.

## II.     RELEVANT FACTS

### A.     Background

5.      On March 4, 2026 (the "Petition Date"), Arkham Realty and Property Management Limited Liability Company (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code.  ECF No. 1.  The Debtor is represented by proposed counsel, Calaiaro Valencik ("Proposed Counsel").  See Docket.

6.      Debtor has not yet filed completed Schedules and Statements or attended a 341 meeting of creditors.  See Docket.

7.      No application to retain Proposed Counsel or disclosure of compensation under F.R.B.P. 2016(b) has been filed to date.  See Docket.

### B.     The Motion

8.      On March 6, 2026, Debtor filed the Motion seeking expedited authorization to maintain its four prepetition bank accounts at PNC Bank (the "PNC Accounts"), with the accounts to be designated as debtor-in-possession accounts within ten days. ECF No. 13.

9.      The Motion also seeks authorization for PNC to honor a prepetition check (check no. 11370) issued to Proposed Counsel that had not been honored by the Petition Date.  Check no. 11370 is payment by Debtor of a prepetition retainer and the chapter 11 filing fee to Proposed Counsel. ECF No. 13, paragraphs 18-21.

10.     The Motion does not set forth any further details as to the engagement and

compensation arrangements between Debtor and Proposed Counsel, the amount of the check,

which account it was drawn upon, whether prepetition services are unpaid and how the proceeds

of the check will be held.  ECF No. 13.

11.     The proposed order attached to the Motion provides, *inter alia*, as follows:

    a. "4. PNC is authorized to honor pre-petition check no. 11370. written to and deposited by Calaiaro Valencik prior to filing. This check represented the retainer and filing fee for this Chapter 11 case."

    b. "6. The Bank is authorized, but not directed, to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtor as debtor in possession without interruption and in the ordinary course and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, ACH transfers, and other electronic transfers of any kind issued and drawn on the Bank Account after the Petition Date by the holders or makers thereof, as the case may be (**including the completion of any such transaction commenced on or before the Petition Date but not completed until on or after the Petition Date**)." (emphasis added).

### III.     OBJECTION

12.     Four principles for Courts to consider with regard to first day motions are:

First, the requested relief should be limited to that which is minimally necessary to maintain the existence of the debtor, until such time as the debtor can affect appropriate notice to creditors and parties in interest. In particular, a first day order should avoid substantive rulings that irrevocably determine the rights of parties.

Second, first day orders must maintain a level of clarity and simplicity sufficient to allow reasonable confidence that an order will effect no unanticipated or untoward consequences.

Third, first day orders are not a device to change the procedural and substantive rights that the Bankruptcy Code and Rules have established. In particular, first day orders should provide no substitute for the procedural and substantive protections of the plan confirmation process.

Fourth, no first day order should violate or disregard the substantive rights of parties, in ways not expressly authorized by the Bankruptcy Code.

*See In re The Colad Group, Inc.*, 324 B.R. 208, 213-14 (Bankr. W.D.N.Y. 2005).

13.     The United States Trustee does not oppose authorization of the continued use of the PNC Accounts; however, the United States Trustee objects to Proposed Counsel's request for a postpetition retainer payment imbedded in an expedited cash management motion, and the language (bolded above) seeking broad authorization to complete undefined prepetition transactions.

**(i)     The Postpetition Retainer**

14.     Proposed Counsel's request for postpetition retainer should be filed and noticed by separate motion or detailed in Proposed Counsel's sec. 327 employment application.  There is no basis for expedited relief given the 120 day compensation limitation in section 331 and the lack of any established alternative compensation procedures in this case.

15.     Further, the Motion does not provide sufficient underlying facts.  The Motion does not state the amount requested, the compensation terms and date of engagement between Debtor and Proposed Counsel, whether prepetition charges exist and/or have been waived, where and how the retainer will be held (subject to fee application and court review) and whether Debtor has sufficient funds to pay the retainer.

16.     In seeking authority for postpetition retainer payments, Debtor must establish several factors, which include, but are not necessarily limited to:

a)     the retainer's economic impact on the debtor's ongoing business operation;

b)     the retainer's economic impact on the ability of the debtor to reorganize;

c)     the amount and reasonableness of the retainer;

d)     the reputation of debtor's counsel; and

e)       the ability of debtor's counsel to disgorge such payments at the conclusion of the case should the Court determine that the fees paid to counsel are not justified. *In re Jefferson Business Center Associates*, 135 B.R. 676, 680 (Bankr. D. Colo. 1992), *see also In Re Mariner Post-Acute Network*, 257 B.R. 723, 781 (Bankr. D.Del. 2000) (citing *Jefferson* as providing important factors for monthly conditional interim payments to a professional).

17.      The Motion appears to seek approval of what appears to be a postpetition transfer on an expedited basis.  A debt paid by check is not completely discharged until it is honored. *Staff Builders of Philadelphia, Inc. v. Koschitzki*, 989 F.2d 692 (3d. Cir. 1993).  *See also Barnhill v. Johnson*, U.S.N.M.1992, 112 S.Ct. 1386, 503 U.S. 393, 118 L.Ed.2d 39 (for purposes of sec. 547(b), a transfer made by check is deemed to occur on date check is honored, rather than date of payee's receipt of check); *In re Contempri Homes, Inc.*, 269 B.R. 124, Bkrtcy.M.D.Pa.2001, (reconsideration granted 281 B.R. 557 on other grounds) (date upon which check is honored, rather than date on which it is delivered to transferee, is date of transfer, for purpose of deciding whether transfer may be avoided as unauthorized postpetition transfer).

18.      Accordingly, Paragraph 4 of the proposed order should be stricken, with the request for postpetition retainer being filed and noticed by separate motion or 327 application. At a minimum, the request should not be approved on a final basis until the record is supplemented and parties are provided with sufficient notice and response periods.

**(ii)      Prepetition Transactions**

19.      Further, Paragraph 6 of the proposed order could be read as broad approval to authorize the payment of prepetition debts.  Paragraph 6 provides authorization for payment of "any and all" draws on the PNC Accounts postpetition "including the completion of any such transaction commenced on or before the Petition Date but not completed until on or after the

Petition Date."

20.     The Motion does not provide details regarding any prepetition transaction sought to be completed (other than the requested payment to Proposed Counsel).  To the extent Debtor seeks payment of prepetition debt, such request should be brought by separate motion, and Debtor should establish the necessity of payment.

## IV.     RESERVATION OF RIGHTS

21.     The United States Trustee reserves the right to supplement, amend or modify this Objection, all objections as to any supplemental request for retainer and all rights and objections as to any sec. 327 employment application.

WHEREFORE, the United States Trustee requests the Court enter relief in accordance with this Objection.

Respectfully Submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9

Dated: March 10, 2026                    By: /s/ *William Buchanan*
                                         William Buchanan, Trial Attorney
                                         PA Bar ID 202843
                                         William S. Moorhead Federal Building
                                         1000 Liberty Avenue, Suite 1316
                                         Pittsburgh, Pennsylvania 15222
                                         Telephone: (412) 644-4779
                                         Email: william.buchanan@usdoj.gov